(51 Misc. Rep. 224.)

FOLTS v. REMINGTON et al.

(Supreme Court, Special Term, Jefferson County. June, 1906.)

ABATEMENT AND REVIVAL—DEATH OF DEFENDANT—SUBSTITUTION OF REPRE-
SENTATIVE.

Where an action was brought on a note, and there was great delay in its prosecution because of the acts of both parties, together with events which neither could control, a motion to permit the action to proceed against the representative of one of the defendants, who died, should be granted.

Action by George P. Folts against Hiram Remington and Frederick H. Remington. Motion to obtain order in action to proceed as against administrator with will annexed of a deceased defendant. Motion granted.

Affirmed on appeal, see 100 N. Y. S. 1115.

Brown, Carlisle & McCartin, for the motion.
Atwell & Rogers, opposed.

DEVENDORF, J. This action was brought against the defendant Hiram Remington to recover the amount of a promissory note alleged to have been made by the defendants payable to the order of the Remington Paper Company, and bearing date March 25, 1886. The action was commenced November 1, 1890, and a copy of the note mentioned is set out in the complaint. The answer of the said defendant alleges facts which if established would probably discharge the defendant Hiram Remington from liability, and entitle him to a judgment herein dismissing the complaint. The action was never brought to trial, and under ordinary conditions this motion should be denied. There has been great delay, but I think the plaintiff has shown facts sufficient to remove the case from the line of authorities cited, and to justify the court in granting the order asked for, reviving the action. There has been delay indulged in, not only by the attorneys, but by the parties themselves; and I do not think the deceased defendant, Hiram Remington, was in all respects free from acts which contributed to the failure to prosecute the case. It appears that the cause was placed on the Jefferson county calendar for trial in March and again in May, 1891; also in March, 1892, when it was referred by stipulation of the parties to Hannibal Smith as referee to hear, try, and determine; also that negotiations were pending between the parties, after the appointment of such referee, for a

settlement of the case, and that Mr. Dorwin, plaintiff's attorney, was in poor health for a number of years prior to his death, which occurred April 4, 1896; that after his death papers and important letters relating to the case were not found which it is claimed were in his possession; that the referee died December 17, 1899. After the death of said referee nothing further appears to have been done until in 1902, when a motion was made by the plaintiff at a Special Term of the Supreme Court for the appointment of another referee. That motion was opposed by Hon. Watson M. Rogers, the attorney representing the defendant Hiram Remington, but it does not appear that objection was made on account of the delay which had theretofore occurred in the action, and, if such an objection were raised, presumably it was overruled by the court, and, no appeal having been taken from that order, it undoubtedly, at this late day, should stand, and is entitled to full force. After the substitution of the present law firm representing the plaintiff and the appointment of such referee, it appears that said attorney for the defendant was nominated and subsequently elected to the office of justice of the Supreme Court, and took his place as such January 1, 1903, and that no attorney was substituted by the defendant in place of said Rogers, and none has been down to the date of the hearing on this motion. It further appears that in the spring of 1903 the defendant Hiram Remington retained the firm of Brown, Carlisle & Hugo, who had been substituted in the preceding August as the attorneys for the plaintiff in this case, as his attorneys to bring an action against the Central Pacific Railway Company to recover damages for fraudulent representations in regard to stock, amounting to between $300,000 and $400,000; that many hearings were had in that case, and such litigation was not terminated finally until in May, 1905. It further appears that during the time from the appointment of the second referee, in August, 1902, the said defendant was more or less out of health, and during said period was occupying the position of a client of the plaintiff's attorneys, and I think he is justly entitled to be charged, for that reason, with some of the delay which occurred between August, 1902, and the date of his death, March 23, 1905. Since that time I think the case has moved without any improper delay.

As stated above, I think the said defendant and his attorney, as appears by the papers submitted, contributed in one way or another to this delay; and there are other reasons stated which necessarily brought about further delay to which neither of said parties contributed. I recognize the fact that a long time has elapsed since the commencement of this action, and that the situation has, to some extent, changed; but if I have a discretion in this matter, I believe it should be exercised, considering all the facts shown, in such a way as to give the parties a day in court, which, as I view the facts shown, has been postponed by the acts of both, combining with events which neither could control.

The motion to permit the action herein to proceed against the administrator with the will annexed is therefore granted; $10 costs generally to abide the event allowed.

Motion granted, with $10 costs to abide event.